42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles WHEELER, Jr., Plaintiff-Appellant,
v.
James H. GOMEZ, Director; and Theo White, Defendants-Appellees.
 No. 94-15447.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 21, 1994.*
Decided Nov. 14, 1994.
 
 1
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 California state prisoner Charles Wheeler, Jr. appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. We agree with the district court that Wheeler failed to establish that his appellate counsel's conduct fell below an objective standard of reasonableness and that he suffered any prejudice as a result of counsel's actions. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Accordingly, we affirm.
 
 
 4
 Counsel's failure to argue on appeal that Wheeler was entitled to a full trial-type hearing on his competence to stand trial under Cal.Penal Code Sec. 1368 was not unreasonable, and did not prejudice Wheeler. Wheeler received a "hearing" within the meaning of statute. See People v. McPeters, 832 P.2d 146, 154 (Cal.1992), cert. denied, 113 S.Ct. 1865 (1993) (submission to the court of the issue of defendant's competence based on psychiatric reports violates neither the statute nor state or federal due process rights). Accordingly, counsel's decision not to raise the issue was objectively reasonable, and there is no reasonable probability that but for counsel's failure to raise the issue, Wheeler would have prevailed on appeal. See Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989).
 
 
 5
 Counsel's decision not to challenge the use of Wheeler's 1989 conviction in sentencing was also objectively reasonable, and Wheeler suffered no prejudice. See People v. Howard, 824 P.2d 1315, 1342 (Cal.), cert. denied, 113 S.Ct. 383 (1992) (guilty plea valid despite absence of a record of express advice and waiver of defendant's Boykin rights "if the record affirmatively shows that [the waiver was] voluntary and intelligent under the totality of the circumstances"). Even assuming that Howard does not apply retroactively, Wheeler still failed to show either deficient performance or prejudice. See People v. Harty, 173 Cal.App.3d 493, 502-503, 219 Cal.Rptr. 85, 90 (1985) (on collateral attack, "assuming Boykin-Tahl error, reversal is not required where it is not reasonably probable that, if advice were given and more explicit waivers were sought, appellant would not have pleaded guilty"). It is not reasonably probable that if more explicit waivers were sought, Wheeler's plea would have been different. Because there was little likelihood of obtaining reversal on this issue, appellate counsel was not deficient and Wheeler suffered no prejudice. See Miller, 882 F.2d at 1434.
 
 
 6
 Wheeler's contention that the district court erred in failing to hold an evidentiary hearing is without merit. Wheeler has not demonstrated how the existing record was insufficient for the court to rule on his petition without holding an evidentiary hearing. Greyson v. Kellam, 937 F.2d 1409, 1415 (9th Cir.1991).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3